United States District Court
Southern District of Texas
**ENTERED**
November 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Jesse Lee Drones, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action H-21-3635 |
| Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § | |

## Report and Recommendation

Jesse Lee Drones, an inmate confined in TDCJ, has filed what is construed to be a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254. (D.E. 1.) Drones has not paid the $5 filing fee or moved to proceed *in forma pauperis*.

I.   Background

Jesse Lee Drones has filed more than one-hundred civil actions, including over fifty federal habeas petitions. Although his petition is difficult to decipher, it appears from case numbers he lists at the top of the first page of his petition that Drones seeks relief under 28 U.S.C. § 2254 from three convictions entered against him in Harris County in 1987: (1) burglary of a habitation with intent to commit sexual assault (Case No. 488772); (2) burglary of a habitation with intent to commit theft (Case No. 486204); and (3) aggravated robbery with a deadly weapon (Case No. 486228). (D.E. 1 at 1.) Each conviction resulted in a sentence of thirty-five years' imprisonment. He lists a case number in the body of his petition that does not correspond to any case number the court can locate in the public records.

Drones raises five grounds for relief. Drones first says that the trial court abused its authority throughout the criminal process, which led to cruel and unusual punishment. (D.E. 1 at 6.) Drones also alleges that there has been a miscarriage of justice because the accusations against him are false. *Id.* at 8. Drones further alleges that either the trial court or prosecutor

falsified documents and destroyed evidence that proved his innocence. *Id.* at 10. Drones claims that money is being unlawfully taken out of his inmate trust account to pay for court costs and fines. *Id.* at 12. Finally, Drones alleges that his attorney provided ineffective assistance during the proceedings. *Id.* at 14.

Drones has previously attacked these same 1987 convictions. *See Drones v. Quarterman*, Civil Action No. H-07-2462, 2007 WL 2461827, at *1 (S.D. Tex. Aug. 23, 2007) (summarizing some of Drones's previous challenges to his underlying convictions). In *Drones v. Johnson*, Civil Action No. H-97-2739 (S.D. Tex. May 29, 1998), Drones challenged his conviction for burglary of a habitation with the intent to commit theft in Case No. 486204. The court granted the respondent's motion for summary judgment and the Fifth Circuit Court of Appeals denied Drones's request for a certificate of appealability. In *Drones v. Dretke*, Civil Action No. H-03-5191 (S.D. Tex. Feb. 14, 2005), Drones challenged his aggravated robbery conviction in Case No. 486228. The court found that any claim concerning Drones's aggravated robbery conviction was untimely and barred by the statute of limitations. In *Drones v. Cockrell*, Civil Action No. H-02-2863 (S.D. Tex. July 31, 2002), the court found that any claims concerning Drones's conviction for burglary of a habitation with the intent to commit sexual assault were untimely and barred by the statute of limitations. The court also noted that any claims concerning Drones's other 1987 convictions were untimely.

II.   Discussion

The Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended in 28 U.S.C. § 2244(b), imposes restrictions on the filing of "second or successive" applications for federal habeas relief. A § 2254 habeas petition is second or successive for the purposes of 28 U.S.C. § 2244(b) if it: (1) raises a claim challenging the petitioner's conviction or sentence that was, or could have been raised, in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *See, e.g., United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015). If a pending petition is deemed successive, the petitioner must seek authorization from the appellate court before the district court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A); *see, e.g.,*

*Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.").

Drones raises claims that could have and should have been brought long ago in a habeas proceeding. His claims could have been "discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). Because his claims could have been raised in his previous federal habeas proceedings, the instant petition is successive. Drones does not have authorization to proceed. In fact, Drones has been sanctioned by the Fifth Circuit for his abusive filings. *See Drones v. Lumpkin*, Appellate No. 20-20598 (5th Cir. Aug. 13, 2021) (issuing $150 sanction for filing repetitive abusive habeas petitions). Based on his history of abusive filings, the court also finds that the interest of justice is not served by transferring the petition to the Fifth Circuit under 28 U.S.C. § 1631.

Therefore, this federal habeas corpus proceeding should be dismissed without prejudice for lack of jurisdiction.

III.  Conclusion and Recommendation

For the reasons stated above, the court recommends that the federal habeas corpus petition filed by Jesse Lee Drones be dismissed without prejudice. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed November 23, 2021, at Houston, Texas.

Peter Bray
United States Magistrate Judge